# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, SALADINO, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class BRADLEY W. COFFEY**
**United States Army, Appellant**

ARMY 20180073

Headquarters, 7th Infantry Division
Lanny J. Acosta, Jr., Timothy Hayes, Jr., and James Arguelles, Military Judges
Colonel Russell N. Parson, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Todd W. Simpson, JA; Major Julie L. Borchers, JA; Captain Alexander N. Hess, JA (on brief and reply brief).

For Appellee:  Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Sandra L. Ahinga, JA (on brief).

17 May 2019

-----------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
-----------------------------------------------------------------

Per Curiam:

On brief, the parties agree that appellant's conviction for assault consummated by battery "on divers occasions" was supported by evidence of a singular assault.  Pursuant to our review of the record, we agree and grant relief in our decretal paragraph.[1]

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of violating a lawful general regulation and three specifications of communicating indecent language, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 [UCMJ].  Contrary to his pleas, appellant was also found guilty of one specification of rape by unlawful force, one specification of assault consummated by battery, and two specifications of soliciting the rape of a child, in violation of Articles 120, 128,

---

[1] On our own motion, we have granted reconsideration of our 13 May 2019 decision.

and 134, UCMJ. The military judge sentenced appellant to a dishonorable discharge, confinement for eight years, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement for two years, and reduction to the grade of E-1. We review the case under Article 66, UCMJ.

In his brief to this court, appellant raises four assignments of error, one of which merits discussion and relief.[2] Specifically, appellant asserts – and the government concedes[3] – that his conviction for assault consummated by battery "on divers occasions" was only supported by evidence for a singular assault. We agree, and we thus cannot affirm the "on divers occasions" language as being legally and factually sufficient. *See, e.g.*, *United States v. Walters*, 58 M.J. 391, 395 (C.A.A.F. 2003) (explaining our statutory duty under Article 66 to review a record of trial for legal and factual sufficiency de novo).

## CONCLUSION

We AFFIRM only so much of the finding of guilty of The Specification of Charge III as provides:

> In that [appellant], U.S. Army, did, at or near Joint Base Lewis-McChord, Washington, between on or about 7 March 2016 and on or about 28 March 2016, unlawfully strike Mrs. [KC] on the head with his head.

The remaining findings of Guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). In evaluating the *Winckelmann* factors, we are confident that based on the entire record and appellant's course of conduct, the imposed sentence would have been at least that which was approved.

---

[2] Appellant also personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which do not merit discussion or relief.

[3] We find the government's concession in this case to be appropriate. In doing so, we join our superior court in noting "that it is always commendable and constructive to have appellate counsel concede the obvious in briefs and at oral argument." *United States v. Honea*, 77 M.J. 181, 184 n.5 (C.A.A.F. 2018); *see also United States v. Sewell*, 76 M.J. 14, 21 n.2 (C.A.A.F. 2017) (Ohlson, J., concurring in part and dissenting in part) (noting appellate government counsel "admirably and appropriately conceded" several prosecutorial errors during oral argument).

COFFEY—ARMY 20180073

Reassessing the sentence based on the noted errors and entire record, we AFFIRM the sentence as approved. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3